**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Daniel P. TAGLIA,\* Defendant–Appellant.**

**No. 89–2829.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 11, 1990.

Decided Feb. 19, 1991.

---

sentencing Mr. Mazzanti, it had not considered his alleged presence several hours prior to the April 13 transaction.

\* This appeal was consolidated for purposes of oral argument with *United States v. Mazzanti,*

Steven A. Miller, Asst. U.S. Atty., Ronald S. Safer, Office of the U.S. Atty., Barry R.

Elden, Asst. U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for plaintiff-appellee.

Rick Halprin, Chicago, Ill., for defendant-appellant.

Before COFFEY, EASTERBROOK, and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

After a plea agreement broke down, Daniel Taglia was tried and convicted on one count of violating 21 U.S.C. § 846 (conspiracy to distribute cocaine) and three counts of violating 21 U.S.C. § 841(a)(1) (possession with intent to distribute and distribution of cocaine). Mr. Taglia challenges his sentence because the district court gave no reason for imposing a sentence greater than that in the proposed plea agreement. For the following reasons, we affirm.

# I

## BACKGROUND

In August 1987, Mr. Taglia and others were charged in an eight-count indictment with various violations of the federal narcotics laws. Count I charged all defendants, including Mr. Taglia, with conspiring to possess with intent to distribute and to distribute cocaine. Mr. Taglia also was charged in three separate counts of possession with intent to distribute and distribution of cocaine (Counts IV, VI, and VII).

Immediately prior to trial, Mr. Taglia agreed to plead guilty to Counts I and VII. He also agreed to plead guilty to one count of conspiracy to engage in labor racketeering, in violation of 18 U.S.C. § 371, and one count of labor racketeering, in violation of 18 U.S.C. § 1954. Neither of these latter two counts had yet been formally charged against him. Under the terms of the agreement, the government agreed to dis-

925 F.2d 1026. Because the two appeals raise different issues, we are issuing a separate opinion in each case.

miss two of the cocaine possession counts and also agreed that an appropriate sentence would be five years' incarceration on Count I and ten years' incarceration on Count VII, to be served consecutively. The government further agreed that a five-year term on the labor conspiracy count and a three-year term on the racketeering count would be appropriate and agreed that those terms were to run concurrently with each other and concurrently with the sentence imposed on the drug counts. The plea agreement noted that the court was not bound by the agreement and that, if the district court refused to accept the plea of guilty, the agreement would be "null and void and neither party will be bound thereto." R.198 at 7.

Before the district court, the defendant acknowledged the factual basis for the plea, as well as his understanding of his rights. The court then stated that it would "accept the plea of guilty tentatively and enter a finding of guilty on a tentative basis." Tr. of Apr. 14, 1988 at 45. Later, Mr. Taglia moved to vacate the guilty plea on the ground that he was "intimidated" by the prosecution and "frightened" during the proceedings and did not wish to be bound by his agreement with the government. R.220 at 1. The court denied his motion to withdraw his guilty plea.

After the government filed the labor racketeering charges, Mr. Taglia pled not guilty to those charges.[1] The government then asked the district court in the drug case to accept an orally modified agreement that was restricted to Counts I and VII in the drug case and that eliminated any agreement with respect to the labor racketeering charges. The district judge refused to accept this modified plea agreement and vacated Mr. Taglia's plea of guilty.

Subsequently, a jury found Mr. Taglia guilty of the offenses with which he had been charged in the four counts of the drug indictment. Judge Holderman sentenced him to eighteen years on each count. The terms were to run concurrently with each other and consecutively to the sentence imposed by Judge Plunkett on the labor racketeering charges. In addition, the court ordered that Mr. Taglia, upon his release from prison, be placed on supervised release for a period of ten years.

## II

### ANALYSIS

■ Mr. Taglia contends on appeal that the sentence imposed by Judge Holderman implicitly reflects punishment for moving successfully to vacate his guilty plea. In his view, this case is controlled by the Supreme Court's holding in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). According to Mr. Taglia, *Pearce* "irrevocably stands for the proposition that the … Due Process Clause absolutely prohibits the imposition of a sentence which reflects in any way a punishment or retaliation against the Defendant who has successfully attacked his first conviction." Appellant's Br. at 24. Mr. Taglia interprets the vacating of his guilty plea in the drug case, which followed his refusal to plead guilty in the labor racketeering case, as a "successful[ ] attack [on] his first conviction before the same district court." *Id.* at 25. Moreover, Mr. Taglia contends that *Pearce* requires that his sentence be vacated because "the record of the sentencing proceedings do not affirmatively manifest any reasons for the trial court's imposing the more severe sentence." *Id.*

■ We do not believe that this case is controlled by *Pearce*. In *Pearce*, the Supreme Court held that there is "no absolute constitutional bar to the imposition of a

---

1. A jury convicted Mr. Taglia of one count of conspiracy to commit labor racketeering and two counts of labor racketeering. Judge Plunkett sentenced him to four years' incarceration on Count I, three years' incarceration on Count II, and five years' probation on Count III. The term on Count II was to run concurrently with the term on Count I. Mr. Taglia's labor racketeering convictions were affirmed in *United States v. Taglia*, 922 F.2d 413 (7th Cir.1991).

more severe sentence upon retrial." 395 U.S. at 723, 89 S.Ct. at 2079. However, to rebut any presumption of "vindictiveness" when a defendant receives an increased sentence after he successfully challenges his first sentence and is retired, the sentencing judge must set forth in the record "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Id.* at 725–26, 89 S.Ct. at 2080–81. By contrast, here, Mr. Taglia was sentenced only once. This is not a case in which a defendant successfully attacked his conviction or sentence on appeal and then was sentenced more harshly after conviction on remand. The sentence set forth in the plea agreement was an understanding between Mr. Taglia and the prosecutors as to what would be an appropriate sentence. The court was not a party to the agreement. Moreover, the record affirmatively shows that, at the time it tentatively accepted the plea of guilty, the district court did not determine that the sentence suggested in the plea agreement would necessarily be imposed. Mr. Taglia has no right to a sentence he negotiated with the prosecutors when he later breached the plea agreement.

■ The Supreme Court's recent decision in *Alabama v. Smith,* 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989),[2] provides additional justification for the district court's action. In *Smith,* the defendant had been sentenced pursuant to a guilty plea that was later vacated by an appellate court. He then was tried before the same judge who had sentenced him previously, convicted by a jury, and resentenced. *Id.* 109 S.Ct. at 2203. The Supreme Court held that "no presumption of vindictiveness arises when the first sentence was based upon a guilty plea, and the second sentence follows a trial." *Id.* at 2202.

The Court in *Smith* built on foundations established in other post-*Pearce* cases, including *Bordenkircher v. Hayes,* 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978), and *United States v. Goodwin,* 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In *Bordenkircher,* a prosecutor had offered a plea bargain backed by a threat that, if the defendant refused to plead guilty, the prosecutor would seek an indictment under a habitual offender statute carrying a mandatory life sentence. 434 U.S. at 358–59, 98 S.Ct. at 665–66. The defendant refused to accept the plea, went to trial under the recidivist statute, and received a life sentence. *Id.* at 359, 98 S.Ct. at 666. The Court refused to extend *Pearce*'s presumption of vindictiveness to cover this situation:

> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"—and permissible—"attribute of any legitimate system which tolerates and encourages the negotiation of pleas." It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

*Id.* 434 U.S. at 364, 98 S.Ct. at 668 (quoting *Chaffin v. Stynchcombe,* 412 U.S. 17, 31, 93 S.Ct. 1977, 1985, 36 L.Ed.2d 714 (1973)). Similarly, in *Goodwin,* the Court declined to find a *"presumption* of vindictiveness" when a prosecutor brings felony charges after plea negotiations break down and a defendant seeks a jury trial. 457 U.S. at 381, 102 S.Ct. at 2492 (emphasis in original). The Court observed that "a change in the charging decision made after an initial trial is completed is much more likely to be

---

2. *Smith* overruled a companion case to *Pearce,* *Simpson v. Rice,* 395 U.S. 711, 89 S.Ct. 2072, 23

L.Ed.2d 656 (1969). *See* 109 S.Ct. at 2206.

improperly motivated than is a pretrial decision." *Id.*[3]

Because no presumption of vindictiveness applies to a defendant in Mr. Taglia's situation, and because he has presented no evidence of actual vindictiveness, the district court did not err in disregarding the terms of the sentencing agreement when it ultimately sentenced Mr. Taglia for the crimes of which he was found guilty.

### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

**3.** *Cf. United States v. Napue,* 834 F.2d 1311, 1329–31 (7th Cir.1987) (defendant alleging prosecutorial vindictiveness in response to refusal to cooperate in an investigation gets evidentiary hearing only upon raising a reasonable doubt of improper motive).